# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52835 & 52836

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ANDY B. HACKMAN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 20, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Jon J. Shindurling, District Judge.

Order revoking probation, <u>affirmed</u>; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In Docket No. 52835, Andy B. Hackman pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Hackman to a unified term of six years, with a minimum period of confinement of three years, but after a period of retained jurisdiction, suspended the sentence and placed Hackman on probation.

In Docket No. 52836, Hackman pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges, including an allegation

1

that he is a persistent violator, were dismissed.  The district court sentenced Hackman to a unified term of seven years, with a minimum period of confinement of two years.  Based on Hackman's guilty plea in Docket No. 52836, he admitted to violating the terms of his probation in Docket No. 52835.  The district court revoked Hackman's probation in Docket No. 52835 and ordered execution of his original sentence.  The district court ordered that Hackman's sentences be served concurrently.  Hackman filed I.C.R. 35 motions for reduction of his sentences, which the district court denied.  Hackman appeals, contending the district court abused its discretion in revoking probation and argues that his sentences in both cases are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id.*

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984);

*State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking Hackman's probation, in ordering execution of his sentence, or in his judgment of conviction and sentence.

Therefore, the order revoking probation and directing execution of Hackman's previously suspended sentence in Docket No. 52835 and his judgment of conviction and sentence in Docket No. 52836 are affirmed.